TONY WEST
Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch
Civil Division
NICHOLAS CARTIER, CA Bar #235858
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Ave NW, 7224
PO Box 883 (US Mail)
Washington, DC 20530
Tel: 202-616-8351
Fax: 202-616-8470
email: nicholas.cartier@usdoj.gov
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

_____
                                        )
ELECTRONIC FRONTIER,                    )
FOUNDATION                              )          Civil Action No. 10cv04892 (DMR)
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          **DEFENDANTS' ANSWER
                                        )          TO PLAINTIFF'S COMPLAINT
                                        )          FOR INJUNCTIVE RELIEF**
DEPARTMENT OF JUSTICE,                  )
FEDERAL BUREAU OF                       )
INVESTIGATION, AND DRUG                 )
ENFORCEMENT AGENCY,                     )
                                        )
            Defendants.                 )
_____)

        Defendants Department of Justice Criminal Division ("DOJ Crim"), Federal Bureau of

Investigation ("FBI"), and Drug Enforcement Agency ("DEA") (collectively, "Defendants"), by

and through their undersigned counsel, hereby answer Plaintiff's Complaint.  Defendants

specifically deny each and every allegation of the Complaint not otherwise expressly admitted,

qualified, or denied in this Answer.

        Answering the numbered paragraphs of Plaintiff's Complaint, Defendants respond as

follows:

*Defendants' Answer- Civ. Action No. 10-04892*

1        1.     The first two sentences of this paragraph contain Plaintiff's description of this

2    civil action and its FOIA requests to Defendants, to which no response is required.  Defendants

3    respectfully refer the Court to the requests for a full and accurate statement of their contents.

4    The third and fourth sentences contain legal conclusions to which no response is required.   To

5    the extent a response is deemed required, denied.  Defendants respectfully refer the Court to the

6    referenced statutory and regulatory provisions for a full and accurate statement of their contents.

7        2.     This paragraph sets forth Plaintiff's characterization of itself and its current

8    activities about which Defendants lack sufficient knowledge or information to form a belief as to

9    the truth or falsity of the allegations.

10       3.     This paragraph contains legal conclusions to which no response is required.  To

11   the extent a response is deemed required, admitted.

12       4.     This paragraph contains Plaintiff's assertion of jurisdiction and thus is a legal

13   conclusion to which no response is required.  The Court is respectfully referred to the cited

14   statutory provisions for a full and accurate description of their contents.

15       5.     This paragraph contains Plaintiff's assertion of venue and thus is a legal

16   conclusion to which no response is required.  The Court is respectfully referred to the cited

17   statutory provisions for a full and accurate description of their contents.

18       6.     This paragraph contains Plaintiff's assertion of the propriety of assignment of this

19   case to the San Francisco division pursuant to Local Rule 3-2(c) and (d), and thus is a legal

20   conclusion to which no response is required.  Defendants respectfully refer the Court to the

21   referenced local rule for a full and accurate statement of its contents.

22       7.     This paragraph contains Plaintiff's characterization of a September 27, 2010, *New*

23   *York Times* article along with a quoted excerpt from the article.  Defendants admit that Plaintiff

24   has accurately quoted the article, but respectfully refer the Court to the referenced article for a

25   full and accurate description of its contents.

26

27

28   *Defendants' Answer- Civ. Action No. 10-04892*     - 2 -

8.      This paragraph contains Plaintiff's characterization and citation to a number of different news reports.  Defendants respectfully refer the Court to the referenced citations for a full and accurate description of their contents.

9.      This paragraph contains Plaintiff's characterization of an October 6, 2010, speech by FBI Director Robert Mueller along with a quoted excerpt from the speech.  Defendants admit that Plaintiff has accurately quoted the speech, but respectfully refer the Court to the referenced speech for a full and accurate description of its contents.

10.      This paragraph contains Plaintiff's characterization of an October 18, 2010, *New York Times* article along with a quoted excerpt from the article.  Defendants admit that Plaintiff has accurately quoted the article, but respectfully refer the Court to the referenced article for a full and accurate description of its contents.

11.    The first sentence is admitted.  The second, third and fourth sentences of the paragraph contain Plaintiff's characterization of the aforementioned September 27, 2010 and October 18, 2010, *New York Times* articles along with quoted excerpts from the articles. Defendants admit that Plaintiff has accurately quoted the articles, but respectfully refer the Court to the referenced articles for a full and accurate description of their contents.  The fifth sentence contains Plaintiff's characterization of the FBI's 2010 Budget and Performance Summary along with a quoted excerpt from the summary.  Defendants admit that Plaintiff has accurately quoted the summary, but denies Plaintiff's characterization of the document.  The referenced portion of the document did not address FBI's actual FY 2010 budget, but rather addressed a request for additional funds for the FY 2010 budget.  Defendants respectfully refer the Court to the referenced budget and performance summary for a full and accurate description of its contents.

12.      The first clause of the first sentence contains a characterization of the aforementioned October 6, 2010, speech by FBI Director Mueller, and the Court is respectfully referred to the referenced speech for a full and accurate description of its contents.  With respect to the allegation made in the second clause of the first sentence, Defendants are without sufficient knowledge or information to admit or deny the allegation that there is no additional

*Defendants' Answer- Civ. Action No. 10-04892*        - 3 -

official (i.e., public) information beyond the examples given in Director Mueller's speech about the need for the subject technological and legislative change.  The second sentence contains a quotation from the aforementioned September 27, 2010, *New York Times* article.  Defendants admit that Plaintiff has accurately quoted the article, but the Court is respectfully referred to the referenced article for a full and accurate description of its contents.  The third sentence contains Plaintiff's characterization of FBI Director Mueller's October 6, 2010, speech, and Defendants respectfully refer the Court to the speech for the best evidence of its contents.

13.     This paragraph contains Plaintiff's characterization of its first FOIA request, dated May 21, 2009, sent by facsimile to the FBI, in which Plaintiff requested materials regarding the "Going Dark Program."  The FBI admits that it received the request, and respectfully refers the Court to the letter for a full and accurate statement of its contents.

14.     With respect to the allegations in the first sentence, FBI admits that it sent Plaintiff a letter, dated May 26, 2009, acknowledging receipt of Plaintiff's request for the "Going Dark" materials.  With respect to the allegation in the second sentence, FBI admits that it sent a letter to Plaintiff, dated August 21, 2009, but denies Plaintiff's characterization of the letter.  The FBI informed Plaintiff that it had begun its search in response to Plaintiff's FOIA request in its May 26, 2009, letter to Plaintiff, not in its August 21, 2009, letter.  With respect to the allegations in the third sentence, FBI admits that it sent Plaintiff letters dated January 7, 2010, July 8, 2010, and October 6, 2010, but denies Plaintiff's characterization of those letters as incomplete.  The FBI first informed Plaintiff that an analyst was reviewing its request in its January 7, 2010 letter. The July 8, 2010, and October 6, 2010 letters provided status updates concerning Plaintiff's FOIA request and that the request was being reviewed by an analyst.  The Court is respectfully referred to the letters referenced in this paragraph for a full and accurate description of their contents.

15.     Admitted.

16.     This paragraph contains Plaintiff's characterization of its second FOIA request, dated September 28, 2010, sent by facsimile to FBI, DOJ Crim, and DEA, which sought

*Defendants' Answer- Civ. Action No. 10-04892*          - 4 -

documents separate and distinct from its May 21, 2009, FOIA request sent to the FBI.  The Court

is respectfully referred to the facsimiles sent to each Defendant for a full and accurate

description of their contents.

17.    Admitted that, while Plaintiff's May 21, 2009, FOIA request to the FBI did not

contain a request for expedited processing, Plaintiff's second and separate FOIA request, dated

September 28, 2010, to FBI, DOJ Crim, and DEA did include a request for expedited processing.

The court is respectfully referred to Plaintiff's September 28, 2010, FOIA request for a full and

accurate description of its contents.

18.    Admitted as to Defendants FBI and DEA.  DOJ Crim received Plaintiff's FOIA

request on September 29, 2010.

19.    Admitted that DEA acknowledged Plaintiff's FOIA request, but the letter was

sent on September 29, 2010, not October 1, 2010.  DEA respectfully refers the Court to its

September 29, 2010, letter for a full and accurate description of its contents.

20.    Admitted.  DOJ Crim respectfully refers the Court to its October 4, 2010, letter

for a full and accurate description of its contents.

21.    Admitted with respect to Plaintiff's second FOIA request, dated September 28,

2010.  Defendant FBI respectfully refers the Court to its October 20, 2010, letter for a full and

accurate description of its contents.

22.    The first clause of the sentence in this paragraph contains the legal conclusion

that Defendants are required and have failed to expedite the processing of Plaintiff's FOIA

requests to which no response is required.  To the extent a response is deemed required, denied.

With respect to the allegation in the parenthetical that FBI granted Plaintiff's request for

expedited processing, denied with respect to Plaintiff's first FOIA request dated May 21, 2009,

and admitted with respect to its second FOIA request, dated September 28, 2010.  The second

clause of the sentence in this paragraph contains a characterization of the twenty-day deadline in

the FOIA and the allegation that Defendants have not met this deadline, which are legal

*Defendants' Answer- Civ. Action No. 10-04892*          - 5 -

conclusions to which no response is required. The Court is respectfully referred to the
referenced statutory provision for a full and accurate description of its contents.

23. This paragraph contains a legal conclusion to which no response is required. To
the extent a response is deemed required, denied.

24. This paragraph contains a legal conclusion to which no response is required. To
the extent a response is deemed required, denied.

25. This paragraph repeats and re-alleges the allegations contained in paragraphs 1-24
of Plaintiff's Complaint. Defendants respectfully refer the Court to its responses to those
specific preceding paragraphs.

26. This paragraph contains a legal conclusion to which no response is required. To
the extent a response is deemed required, denied.

27. This paragraph contains legal conclusions to which no response is required. To
the extent a response is deemed required, denied.

28. This paragraph contains legal conclusions to which no response is required. To
the extent a response is deemed required, denied.

29. This paragraph repeats and re-alleges the allegations contained in paragraphs 1-
24 of the Complaint. Defendants respectfully refer the Court to its responses to those specific
preceding paragraphs.

30. This paragraph contains legal conclusions to which no response is required. To
the extent a response is deemed required, denied.

31. This paragraph contains legal conclusions to which no response is required. To
the extent a response is deemed required, denied.

32. This paragraph contains legal conclusions to which no response is required. To
the extent a response is deemed required, denied.

The remaining paragraphs of the Complaint contain a Prayer for Relief, to which no
response is required. To the extent a response is deemed required, Defendants deny the

*Defendants' Answer- Civ. Action No. 10-04892*        - 6 -

1   allegations in the remainder of the Complaint and further aver that Plaintiff is not entitled to the

2   requested relief or any other relief from the Defendants.

3   **FIRST DEFENSE**

4       1.    This Court lacks subject matter jurisdiction over Plaintiff's claims.

5   **SECOND DEFENSE**

6       2.    Plaintiff has failed to exhaust all administrative remedies.

7   **THIRD DEFENSE**

8       3.    The Complaint fails to state a claim against the Defendants upon which relief can

9   be granted.

10   **CONCLUSION**

11       Wherefore, having fully answered, Defendants assert that Plaintiff is not entitled to the

12   relief requested, or to any relief whatsoever.

13

14   Dated: December 8, 2010             Respectfully Submitted,

15

16                             TONY WEST
                          Assistant Attorney General

17

18                             MELINDA HAAG
                          United States Attorney

19                             ELIZABETH J. SHAPIRO
                          Deputy Director, Federal Programs Branch

20

21

22                             /s/ Nicholas Cartier
                          NICHOLAS CARTIER, CA Bar #235858
                          Trial Attorney, Federal Programs Branch

23                             Civil Division
                          20 Massachusetts Ave NW, 7224

24                             Washington, DC 20044
                          Tel: 202-616-8351

25                             Fax: 202-616-8470
                          email: nicholas.cartier@usdoj.gov

26

27                             *Attorneys for Defendants*

28   *Defendants' Answer- Civ. Action No. 10-04892*     - 7 -

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I hereby certify that on December 8, 2010, I caused a copy of the foregoing to be served

3

on counsel for Plaintiff via the Court's ECF system.

4

5

6

        <u>/s/ Nicholas Cartier</u>
        NICHOLAS CARTIER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Defendants' Answer- Civ. Action No. 10-04892*