TONY WEST
Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch
Civil Division
NICHOLAS CARTIER, CA Bar #235858
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Ave NW, 7224
PO Box 883 (US Mail)
Washington, DC 20530
Tel: 202-616-8351
Fax: 202-616-8470
email: nicholas.cartier@usdoj.gov
Attorneys for Defendant

JENNIFER LYNCH, CA BAR # 240701
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel *(pro hac vice)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1818 N Street, N.W., Suite 410
Washington, DC  20036
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No.  10-CV-4892-RS |
| Plaintiff, | |
| vs. | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | Judge:  Hon. Richard Seeborg |
| | Date:   March, 10 2011 |
| | Time:   10: a.m. |
| | Place:  Telephonic Appearance |

Pursuant to the Court's January 5, 2011 Reassignment Order (Dkt. No. 15), the parties submit this Joint Case Management Conference Statement. The parties conferred on March 3, 2011 regarding the subjects identified in the Reassignment Order and their joint response is set forth below.

In addition, pursuant to the Court's February 17, 2011 Order directing the parties to meet and confer (Dkt. No. 22), the parties inform the Court of the terms of their agreement regarding a processing schedule.

**I.    Information Requested by Reassignment Order.**

**1.    Date Case Was Filed**

The case was filed on October 28, 2010. (Dkt. No. 1.)

**2.    Parties**

Plaintiff is the Electronic Frontier Foundation. Defendant is the Department of Justice and, specifically, its components the Criminal Division ("CRM"), Drug Enforcement Agency ("DEA"), and Federal Bureau of Investigation ("FBI").

**3.    Summary of Claims**

This is an action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff seeks the expedited processing and release of records that Plaintiff requested from Defendant Department of Justice and its components, Federal Bureau of Investigation, Drug Enforcement Agency, and Criminal Division, concerning the agency's efforts to push for changes to federal surveillance law to ensure that all services that enable communications be technically capable of complying with a wiretap order. Plaintiff asserts that the requested records concern a matter about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II); 28 C.F.R. §

16.5(d)(1)(ii).

**4.      Description of Events Underlying Action**

In a letter dated May 21, 2009 and sent by facsimile to the FBI, Plaintiff requested under the FOIA all agency records, including electronic records, from 2007 to the present concerning the FBI's Going Dark Program. As of the date of the filing of this lawsuit, FBI had not produced any documents in response to Plaintiff's request.

In letters dated September 28, 2010 and sent by facsimile to Defendant DOJ's components, including CRM, FBI and DEA, Plaintiff requested under the FOIA records created on or after January 1, 2006 concerning the agencies' efforts to push for changes to federal surveillance law that would require communications providers to build in mechanisms that would provide the government additional capabilities to intercept Americans' communications. As of the date of the filing of this lawsuit, none of the components had produced any documents in response to Plaintiff's requests.

**5.      Relief Sought**

EFF seeks injunctive relief with respect to the release and disclosure of all records responsive to its May 2009 and September 2010 FOIA requests.  EFF also seeks reasonable attorney's fees incurred in this litigation.

**6.      Status of Discovery**

The parties do not believe that discovery is needed in this case.

**7.      Procedural History**

Plaintiff filed its complaint on October 28, 2010 (Dkt. No. 1), and Defendant filed its answer (Dkt. No. 9) on December 8, 2010.

The case was originally assigned to Magistrate Judge Ryu.  On January 3, 2011, Plaintiff consented to proceed before Judge Ryu but Defendant declined to do so.  (Dkt. Nos. 11-12.)

Thereafter, on January 5, 2011, the case was reassigned to this Court. (Dkt. No. 14.)

On January 6, 2011, Plaintiff filed a motion for partial summary judgment seeking expedited processing of its September 28, 2010 FOIA request along with an order requiring that processing be completed of all materials responsive to both its May 21, 2009 and September 28, 2010 FOIA requests within 10 days of the Court's order. (Dkt. No. 16.) Defendant filed its opposition on January 25, 2011, (Dkt. No. 19), and Plaintiff filed its reply on February 3, 2011 (Dkt. No. 20).

On February 17, 2011, a hearing on Plaintiff's motion for partial summary judgment was held before the Court. Following the hearing, the Court issued an order on February 17, 2011 (Dkt. No. 22) instructing the parties to meet and confer in an effort to negotiate a mutually acceptable processing schedule.

No ADR proceedings have been scheduled.

**8.   Other Deadlines**

No deadlines prior to reassignment are currently in place. The only current deadline is for a Case Management Conference on March 10, 2011, which will be conducted telephonically. (Dkt. No. 24.)

**9.   Any Requested Modification of Current Deadlines.**

None.

**10.   Whether Parties Will Consent To A Magistrate Judge for Trial.**

Defendant has previously declined to proceed before a magistrate judge and continues to do so.

**II.   Information Requested In This Court's February 17, 2011 Order.**

In its February 17, 2011 Order, the Court directed the parties to "engage in further in-person or telephonic meet and confer negotiations to attempt to arrive at a mutually-agreeable

schedule under which documents responsive to the Freedom of Information Act requests at issue will be produced, or at least to narrow their disputes." 2/17/11 Order at 1. The parties conducted telephonic meet-and-confer negotiations on March 1 and 2 and were able to agree on the terms of a mutually acceptable processing schedule. The terms are set forth below.

**A.  Plaintiff's May 21, 2009 FOIA Request To FBI for "Going Dark" Materials.**

By letter dated February 7, 2011, the FBI informed Plaintiff that it had completed the processing of 474 pages responsive to its May 21, 2009 request and was releasing 333 pages to Plaintiff.

The parties have agreed that FBI will complete the processing of the remaining potentially responsive materials to this request identified as of the date of this report (approximately 480 pages), and produce any pages the FBI determines are appropriate for release, on March 18, 2011. If additional responsive materials are identified after the date of this joint report, the FBI will process a minimum of 750 pages of any additional responsive materials identified, including producing any pages FBI determines are appropriate for release, within 30 days after identifying the additional responsive materials.

**B.  Plaintiff's September 28, 2010 FOIA Request to FBI, DEA and CRM for Records Relating to Agency Difficulties Conducting Electronic Surveillance.**

FBI estimates that it has identified approximately 700 pages of potentially responsive materials to Plaintiff's September 28, 2010 request. FBI agrees to complete the processing of these pages, including producing any pages FBI determines are appropriate for release, by April 1, 2011. If additional responsive materials are identified after the date of this joint report, the FBI will process a minimum of 750 pages of any additional responsive materials identified, including producing any pages FBI determines are appropriate for release, within 30 days after identifying the additional responsive materials.

DEA estimates that it has identified approximately 6,000 pages of potentially responsive

materials to Plaintiff's September 28, 2010 request. The parties agree that DEA will process a minimum of 1,000 pages, and produce any pages DEA determines are appropriate for release, by April 1, 2011. Thereafter, the parties agree that DEA will process a minimum of 750 pages, and produce any pages DEA determines are appropriate for release, on the first of each subsequent month until the processing is completed.

CRM estimates that it has identified approximately 10,000 pages of potentially responsive materials to Plaintiff's September 28, 2010 request. The parties agree that CRM will process a minimum of 1,000 pages, and produce any pages CRM determines are appropriate for release, by April 1, 2011. Thereafter, the parties agree that CRM will process a minimum of 1,000 pages, and produce any pages CRM determines are appropriate for release, on the first of each subsequent month until the processing is completed.

The parties agree that the components will file status reports every 60 days informing the Court of the number of pages they have processed, and how long they estimate it will take before processing is completed.

Plaintiff states that, given the difference between the length of time FBI estimates it will take to complete processing (less than one month) and the length of time CRM and DEA estimate it will potentially take them to complete processing (approximately 7-8 months and 10 months, respectively), Plaintiff reserves the right to seek to proceed on summary judgment against the FBI regarding exemptions and withholdings independently from the other components.

A proposed Order embodying this agreement is attached.

DATED: March 3, 2011                    /s/ Nicholas Cartier
                                        NICHOLAS CARTIER, CA Bar #235858
                                        Trial Attorney, Federal Programs Branch
                                        Civil Division
                                        20 Massachusetts Ave NW, 7224
                                        Washington, DC 20044
                                        Tel: 202-616-8351
                                        Fax: 202-616-8470

email: nicholas.cartier@usdoj.gov

*Attorney for Defendant*

DATED: March 3, 2011

/s/ Jennifer Lynch
ELECTRONIC FRONTIER FOUNDATION
Jennifer Lynch, Esq. (240701)
454 Shotwell Street
San Francisco, CA 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

David L. Sobel *(pro hac vice)*
*sobel@eff.org*
ELECTRONIC FRONTIER FOUNDATION
1818 N Street, N.W., Suite 410
Washington, DC 20036
Telephone: (202) 797-9009 x104
Facsimile: (202) 707-9066

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2011, I caused a copy of the foregoing to be served on counsel for Plaintiff via the Court's ECF system.

*/s/ Nicholas Cartier*
NICHOLAS CARTIER

## GENERAL ORDER NO. 45(X) CERTIFICATION

I attest that I have obtained the concurrence of Jennifer Lynch, counsel for Plaintiff, in the filing of this document.

/s/ Nicholas Cartier
NICHOLAS CARTIER