# Electronic Frontier Foundation v. DOJ, et al

# Vaughn Index for Lynch FOIA 1154593 Releases

Detailed description of FBI responsive records by category groupings for information withheld in full (WIF), or in part, annotated as "released in part" (RIP) for the Lynch FOIA releases (See Exhibit M for Bates pages 1-275, 275a, and 276-1240). Category groupings are based on individual FBI divisions responding to either a November 8, 2010, January 10, 2011, or March 2, 2011, search Electronic Communication (EC) request for responsive records for:

"all agency records created on or after January 1, 2006 relating to: 1) any problems, obstacles or limitations that hamper the FBI's current ability to conduct surveillance on communications systems or networks including, but not limited to, encrypted services like Blackberry (RIM), social networking sites like Facebook, peer to peer services or Voice over Internet Protocol (VoIP) services like Skype, etc.; 2) any communications or discussions with the operators of communication systems or networks, or with equipment manufactures and vendors, concerning technical difficulties the FBI has encountered in conducting authorized electronic surveillance; 3) any communications or discussions concerning technical difficulties the FBI has encountered in obtaining assistance from non-U.S. based operators of communication systems, or with equipment manufactures and vendors in the conduct of authorized electronic surveillance; 4) any communications or discussions with the operators of communication systems or networks, or with the equipment manufactures and vendors, concerning development and needs related to electronic communications surveillance-enabling technology; 5) and communications or discussions with foreign government representatives or trade groups about trade restrictions or import or export controls related to electronic communications surveillance-enabling technology; and, 6) any briefings, discussions, or other exchanges between FBI officials and members of the Senate or House of Representatives concerning implementing a requirement for electronic communications surveillance-enabling technology, including, but not limited to, proposed amendments to the Communications Assistance to Law Enforcement Act (CALEA)."

Additional FBI divisions were subsequently identified as potentially holding responsive material, and additional search EC's were generated January 10, 2011, and March 2, 2011, requesting the same information as describe above.

| Category Group | Bates Numbering/ (Page count) | Dates | Description | Exemptions | Withholding/ Release |
|---|---|---|---|---|---|
| 2 A | 1-148 (148) | Jan. 28, 2009 – Sept. 15, 2010; many Undated. | **FBI Operational Technology Division (OTD) Response, Sections 1 - 3: Talking Points Presentations, Internal E-mails, Discussion Paper, Presentation Notes, and Duplicates.** Responsive material consists of talking points and discussion paper presentations related to the FBI's strategic policy development process concerning surveillance challenges posed by emerging technologies. In addition, the responsive material consists of internal e-mail chains between FBI divisions. 71 of the 148 Bates pages are internal draft FBI talking points presentations related to defining "Going Dark" and the need to preserve lawful intercept capabilities. The draft presentations were being developed for multiple internal and external audiences. The main presentation under development was titled, "Going Dark Initiative: Closing the National Security ELSUR Gap." The presentation defined "Going Dark," showed how ELSUR gaps impacted national security, detailed CALEA shortfalls, and offered possible solutions to close the ELSUR gap. 23 of the 148 Bates pages are duplicates of the Going Dark Initiative presentation slides. 4 of the 148 Bates pages are part of a discussion paper titled, "Going Dark: Evolution in Mobile Technology and Potential Collection Issues." The paper highlights how new services and technology advancements in the wireless communications industry are developing faster than law enforcement can develop lawful technical intercept solutions. 43 of the 148 Bates pages are internal e-mail chains between FBI divisions. These e-mails summarize meetings concerning legal, technical, legislative, and communication industry challenges that are limiting the effectiveness of lawful ELSUR intercept capabilities. Some of the e-mails discuss proposed legislative amendments to CALEA to improve intercept capabilities, and to make industry compliance easier. One e-mail chain outlines a recent article concerning cable roaming agreements between interconnecting Wi-Fi services, and how this might relate to "Going Dark." 7 of the 148 Bates pages are an internal summary of a presentation titled, "Preservation of Lawful Intercepts: Challenges and Potential Solutions" that was presented for the Information Technology Study Group (ITSG). | 1 Bates Page: (b)(1)<br>91 Bates Pages: (b)(2)<br>14 Bates Pages: (b)(3)<br>32 Bates Pages: (b)(5)<br>44 Bates Pages: (b)(6)/(b)(7)(C)<br>9 Bates Pages: (b)(7)(A)<br>5 Bates Pages: (b)(7)(D)<br>90 Bates Pages: (b)(7)(E) | 67 Bates Pages: WIF<br>58 Bates Pages: RIP |

| 2 B | 149-167 (19) | April 30, 2010 – Sept. 10, 2010 | **FBI Cyber Division (CD) Response: Internal E-mails and an Intelligence Assessment report.** Responsive material consists of 2 internal e-mail chains between FBI divisions discussing proposals to solve ELSUR and encryption shortfalls, and deciding criteria for an Intelligence Assessment Report. 3 of the 19 Bates pages are 2 internal e-mail chains between FBI divisions. The 1st e-mail seeks information from a recently issued pen trap and trace order. The 2nd e-mail chain mentions that the Going Dark Working Group (GDWG) is seeking examples of investigations where CALEA shortfalls and communication service companies' technological advances have hampered the collection of lawful intercepts. 16 of the 19 Bates pages are an Intelligence Assessment titled, "Going Dark: Encryption and the Associated Issues Facing Law Enforcement," and discusses software- and hardware-based encryption deployment challenges that hinder both authorized collection and analysis. | 2 Bates Pages: (b)(1) 19 Bates Pages: (b)(2) 3 Bates Pages: (b)(3) 17 Bates Pages: (b)(5) 3 Bates Pages: (b)(6)/(b)(7)(C) 18 Bates Pages: (b)(7)(E) | 18 Bates Pages: WIF 1 Bates Page: RIP |
|---|---|---|---|---|---|
| 2 C | 168-183 (16) | June 3, 2009 – Sept. 22, 2010 | **FBI Counter Terrorism Division (CTD) Response: Internal E-mails and Talking Points.** Responsive material consists of 4 internal e-mail chains between FBI divisions and talking points. 9 of the 16 Bates pages are 4 internal e-mail chains between FBI divisions. 3 of the 4 e-mail chains are a talking points presentation on the most frequently asked questions relating to the collection, interpretation, and preservation of intelligence data provided by an Internet Service Provider (ISP) in response to a FISA order, NSL, and/or search warrant. The 4th e-mail chain discusses the difficulty the FBI was having with a certain cellular communications provider concerning a lawful intercept order. 7 of the 16 Bates pages are a 2 page talking points "User Guide" on how to read User, History, and Messaging Shorthand provided by a certain Internet Service Provider (ISP), 1 page talking points summary report defining what a social networking company is, and what can or cannot be obtained with a NSL/Subpoena, and 4 talking points pages from a paper on the frequently asked questions and answers concerning collection, interpreting, and preservation of data provided by ISP's in response to a FISA order, NSL, and/or search warrant. | 15 Bates Pages: (b)(2) 10 Bates Pages: (b)(6)/(b)(7)(C) 13 Bates Pages: (b)(7)(E) | 7 Bates Pages: WIF 8 Bates Page: RIP |
| 2 D | 184-218 (35) | May 27, 2008 – November 15, 2010 | **FBI Office of the General Counsel (OGC) Response: Internal E-mails and a Talking Point Paper.** Responsive material consists of internal e-mail chains (many partly classified) between FBI divisions, and a talking point paper. 31 of the 35 Bates pages are internal e-mail chains between FBI | 13 Bates Page: (b)(1) 33 Bates Pages: (b)(2) | 2 Bates Pages: WIF 32 Bates Page: RIP |

| | | | | | |
|---|---|---|---|---|---|
| | | | divisions. These e-mails summarize meetings concerning legal, technical, legislative proposals, and communication industry challenges that are limiting the effectiveness of lawful ELSUR intercept capabilities. A majority of the e-mails discuss challenges working with foreign based communication service providers, how peer to peer applications will continue to erode the FBI's ELSUR capabilities due to the level of encryption, and exchange process that is very secure, and how expanding technological advancements and multiple communication service platforms have highlighted CALEA shortfalls. 2 of the email chains discuss the development of a talking points paper for Director Mueller concerning cooperation and assistance efforts provided by Internet Service Providers (ISP's) and legal and technological issues that have effected FBI investigations. 4 of the 35 Bates pages are a talking points paper prepared for Director Mueller concerning the cooperation and assistance provided by ISP's and how legal and technical issues have effected FBI Investigations (case examples provided). | 1 Bates Page: (b)(3) 33 Bates Pages: (b)(5) 24 Bates Pages: (b)(6)/(b)(7)(C) 2 Bates Pages: (b)(7)(A) 9 Bates Pages: (b)(7)(D) 33 Bates Pages: (b)(7)(E) | |
| 2 E | 219-289 (72) [Also includes Bates page 275a, which is the 2nd page of the 12 page EC that was inadvertent-ly missing from the original FOIA processing] | March 5, 2008 – Nov. 5, 2010 [Except for Discussion Paper dated Dec. 19, 2006] | **FBI Counter-Intelligence Division (CID) Response: Internal E-mails, Discussion Paper, and Electronic Communication (EC).** Responsive material consists of internal e-mail chains (many classified) between FBI divisions and/or FBI field offices involved in mostly pending investigations, a discussion paper, and a mostly classified EC. 54 of the 71 Bates pages are internal e-mail chains between FBI divisions, and/or FBI field offices that are involved in mostly pending investigations. The internal discussions summarize meetings concerning technical ELSUR and legal challenges that are limiting the effectiveness of lawful ELSUR intercept capabilities, and proposed legislative solutions. The investigations outlined in the e-mails highlight ELSUR limitations and the need to preserve lawful intercept capabilities by amending CALEA, improving cooperation and assistance from communication service providers, and developing advanced investigative techniques. 2 of the 71 Bates pages are a discussion paper prepared by the Cyber Division on December 19, 2006, that summarizes new technological advances in the Voice-over-IP network (VoIP) services that limit ELSUR capabilities. 4 of the 71 Bates pages are duplicates of this same discussion paper. 12 of the 71 Bates pages are an Electronic Communication (EC) dated May 4, 2009, sent to participants involved in a classified investigation that involved issues concerning Voice-over Internet | 55 Bates Pages: (b)(1) 61 Bates Pages: (b)(2) 22 Bates Pages: (b)(3) 21 Bates Pages: (b)(5) 58 Bates Pages: (b)(6)/(b)(7)(C) 29 Bates Pages: (b)(7)(A) 22 Bates Pages: (b)(7)(D) 59 Bates Pages: (b)(7)(E) | 36 Bates Pages: WIF 31 Bates Page: RIP |

| | | | Protocol (VoIP) involving foreign entities. | | |
|---|---|---|---|---|---|
| 2 F | 290-366 (77) | Aug. 11, 2006 – March 21, 2011 | **FBI Office of Congressional Affairs (OCA) Response: Talking Points Papers and/or Presentations, Internal E-mails, Congressional Contact Summaries, Senate Testimony, and Material that was Referred to the Department of Justice (DOJ) for Direct Response to Plaintiff.** Responsive material consists of talking points papers and/or presentations, internal e-mails w/attachments between FBI personnel, congressional contact summaries, testimony by Director Mueller before the Senate Committee on Intelligence, and information that was originally prepared by, and obtained from, the DOJ, and was subsequently returned to the DOJ for direct response to plaintiff. 17 of the 77 Bates pages are talking points papers and/or presentations on the following: 1) defining 'Going Dark,' presenting case examples on how FBI ELSUR capabilities have been effected, and offering possible solutions to enhance lawful intercept capabilities, 2) proposed reforms presented by members of private industry and the privacy community concerning the Electronic Communications Privacy Act of 1986 (ECPA), and 3) history of CALEA, summary of different Federal Communication Council (FCC) orders that helped resolve some of CALEA's shortfalls, and new proposals to amend CALEA through the legislative process to enhance ELSUR capabilities. 6 of the 77 Bates pages are duplicates of a 2 page draft talking points paper titled, "Going Dark." 20 of the 77 Bates pages are internal e-mail chains between FBI personnel. The internal e-mail discussions pertain to: 1) CALEA limitations, and proposed amendments that will enhance ELSUR capabilities, 2) development of 'FBI Wikipedia' definitions on 'Going Dark,' 3) assessment and opinions related to surveillance challenges faced by the FBI, and defining 'Going Dark,' 4) Operational Technology (OTD) statement of opposition to certain provisions of the COPS Improvement ACT-S167, and 5) an announcement of a closed HPSCI Committee hearing on the DOJ/Intel programs and budget. 14 of the 77 Bates pages pertain to a partly classified draft transcript of Director Mueller's April 22, 2010 testimony before the Senate Committee on Intelligence. 18 of the 77 Bates pages pertain to 2 documents and/or information that were prepared by, and/or obtained from the DOJ, and the FBI subsequently referred the documents and/or information to the DOJ on March 31, 2011, for direct response to the plaintiff. 2 of the 77 Bates pages are internal congressional | 9 Bates Pages: (b)(1) 1 Bates Page: (b)(2) 52 Bates Pages: (b)(5) 19 Bates Pages: (b)(6)/(b)(7)(C) 40 Bates Pages: (b)(7)(E) | 70 Bates Pages: WIF 7 Bates Page: RIP |

| | | | contact briefing summaries that summarize 2 meetings between OCA personnel and congressional offices where amendments to CALEA were discussed. | | |
|---|---|---|---|---|---|
| 2 G | 367-802 (436) | Mar. 2009 – Sept. 27, 2010; Many undated. | **FBI Directors Office (DO) Unclassified CD Response: Talking Points Papers and/or Presentations, Internal E-mails, and Material that was Referred to the Department of Justice (DOJ), Department of Homeland Security (DHS), or Drug Enforcement Agency (DEA), for Direct Response to Plaintiff.** Responsive material consists of talking points papers and/or presentations, internal e-mails w/attachments between FBI personnel, and information that was originally prepared by, and obtained from, the DOJ, DHS, and DEA, and was subsequently returned to each agency for direct response to plaintiff. 383 of the 436 Bates pages are multiple draft talking points papers and/or presentations titled: 1) "Law Enforcement's Need for Lawful Intercept Capabilities," 2) "Preservation of Lawful Intercepts: Challenges and Potential Solutions," 3) "Going Dark: Problems and Proposals," 4) "Closing the National Security ELSUR Gap," and 5) "Going Dark: Talking Points." These presentations present the FBI's strategic policy development process concerning surveillance challenges posed by emerging technologies. The presentations were being developed to highlight to various internal and external audiences the surveillance challenges faced by the FBI and the law enforcement community, as well as various recommendations, proposals, legislative initiatives (i.e., amending CALEA), and advice on multi-point strategies, or actions FBI should, or could, adopt, pursue, or consider to resolve such challenges. 2 of the 436 Bates pages are duplicate presentation slides. 17 of the 436 Bates pages are internal e-mail chains between FBI division personnel. The internal e-mail discussions pertain to: 1) September 2010 New York Times story on 'Going Dark,' seeking new law enforcement regulations for the Internet, and telecommunications carriers having technical difficulties implementing lawful intercept court orders, and having 'Talking Points' ready for FBI leadership to answer questions, 2) September 2010 Washington Post article on 'Going Dark,' and proposed amendments to CALEA, and 3) 'Going Dark' case examples showing technological advances out pacing law enforcement's ability to perform lawful intercepts. 34 of the 436 Bates pages pertain to documents and/or information that were prepared by and/or obtained from, the DOJ, DHS, or DEA, and the FBI subsequently referred | 388 Bates Pages: (b)(5) 12 Bates Pages: (b)(6)/(b)(7)(C) 1 Bates Page: (b)(7)(D) 146 Bates Pages: (b)(7)(E) | 421 Bates Pages: WIF 14 Bates Pages: RIP |

| | | | | | |
|---|---|---|---|---|---|
| | | | the documents and/or information to the DOJ, DHS, and DEA on March 31, 2011, for direct response to the plaintiff. | | |
| 2 H | 803-1240 (438) | Jan. 1, 2009 – Sept. 29, 2010; Many undated. | **FBI Directors Office (DO) Classified CD Response: Talking Points Papers and/or Presentations, Internal E-mails, Discussion Paper, and Memorandum.** Responsive material consists of talking points papers and/or presentations, internal e-mails w/attachments between FBI personal, 2 discussion papers, and 2 internal memorandums. 343 of the 438 Bates pages are multiple partly classified draft talking points papers and/or presentations titled: 1) "Going Dark Initiative: Closing [Minimizing] the National Security ELSUR Gap," 2) "Preservation of Lawful Intercepts: Challenges and Potential Solutions," 3) "National Security Proposal for NSA," 4) "Going Dark: Strengthening National Security by Minimizing the Electronic Surveillance Gap," 5) "Challenges With Emerging Technologies," 6) "Going Dark: Law Enforcement's Need to Preserve Lawful Intercept Capabilities," 7) "Make CALEA Implementation Easier for Service Providers," 8) "Basics of CALEA: Who is Covered? Who is Not?" 9) "Going Dark: Q/A," 10) "FBI Efforts to Protect Title III and FISA Capabilities," 11) "FBI Efforts to Preserve Electronic Surveillance (ELSUR) Capabilities, 12) "Continued Problems with CALEA Implementation Despite the FCC's Initial Efforts," 13) "Going Dark: Technology Gaps," and "Governments Need to Preserve Lawful Intercept Capabilities." These presentations present the FBI's strategic policy development process concerning surveillance challenges posed by emerging technologies. The presentations were being developed to highlight to various internal and external audiences the surveillance challenges faced by the FBI and the law enforcement community, as well as various recommendations, proposals, legislative initiatives (i.e., amending CALEA), and advice on multi-point strategies, or actions FBI should, or could, adopt, pursue, or consider to resolve such challenges. 42 of the 438 Bates pages are partly classified internal e-mail chains between FBI division personnel. The internal e-mail discussions pertain to: 1) multiple FBI investigation case examples where communication industry technical issues, and compliance questions are hampering implementing of lawful intercept orders, 2) VoIP communication services, 3) draft 'Going Dark' talking point slide presentations, and 3) meeting preparation, and subsequently follow-up summary, of the Capabilities Gaps Working Group, where Going Dark legislative, and | 26 Bates Pages: (b)(1) 17 Bates Pages: (b)(3) 408 Bates Pages: (b)(5) 89 Bates Pages: (b)(6)/(b)(7)(C) 137 Bates Pages: (b)(7)(A) 22 Bates Pages: (b)(7)(D) 329 Bates Pages: (b)(7)(E) | 429 Bates Pages: WIF 9 Bates Pages: RIP |

| | | | | | |
|---|---|---|---|---|---|
| | | | institutional proposals under consideration, and ELSUR technological gaps were to be discussed. 42 of the 438 Bates pages were discussion papers that detailed technical issues and impediments faced during many former and current FBI investigations. 11 of the 438 Bates pages are partly classified internal memorandum outline the ELSUR challenges law enforcement are encountering with regard to emerging technologies, outline talking point development that defines 'Going Dark,' and gives FBI investigation case examples showing how ELSUR limitations have hampered these investigations. | | |
| 2I | 1241- 1499 (259) | July 12, 2006 – Sept. 28, 2010 | **FBI Direct-Referral Responses to Plaintiff – Drug Enforcement Administration (DEA) Referrals: Talking Points Papers and/or Presentations, Discussion Papers, Sample CALEA ELSUR Non-compliance Incident Report, Internet Article, FBI's FY 2010 Budget at a Glance Report, and Meeting Summary Notes.** Responsive material consists of talking points papers and/or presentations, discussion papers, a sample CALEA ELSUR Non-compliance Incident Report, the FY 2010 Budget at a Glance Report, an internet article, and meeting summary notes. 161 of the 259 Bates pages are talking points papers and/or presentations titled: 1) "Voice over Internet Protocol (VoIP) Communications," 2) "Going Dark: Law Enforcement's Need to Preserve Lawful Intercept Capabilities," 3) "State and Local Law Enforcement Challenges," 4) "Technology Transfer Program: Office of National Drug Control Policy, Counterdrug Technology Assessment Center," 5) "Going Dark: Update," and 6) "Going Dark: Preservation of Lawful Intercept's Challenges and Potential Solutions." 2 of the 259 Bates pages are duplicate presentation slides. These presentations present the FBI's strategic policy development process concerning surveillance challenges posed by emerging technologies. The presentations were being developed to highlight to various internal and external audiences the surveillance challenges faced by the FBI and the law enforcement community, as well as various recommendations, proposals, legislative initiatives (i.e., amending CALEA), and advice on multi-point strategies, or actions FBI should, or could, adopt, pursue, or consider to resolve such challenges. 73 of the 259 Bates pages are discussion papers titled: 1) "Obtaining Assistance with De-compressing Lawful Intercepted Blackberry Communications, and Office of General Council (OGC) Recommendations," 2) "Whitepaper: Law Enforcement's Need to Preserve | 207 Bates Page: (b)(2) 229 Bates Pages: (b)(5) 15 Bates Pages: (b)(6)/(b)(7)(C) 235 Bates Pages:(b)(7)(E) | 246 Bates Pages: WIF 3 Bates Pages: RIP |

| | | | | | |
|---|---|---|---|---|---|
| | | | Lawful Intercept Capabilities," 3) "Going Dark Problems and Potential Solutions," and 4) "FBI CALEA Scope of Coverage Amendment Proposal." 3 of the 259 Bates pages is a sample CALEA ELSUR Non-compliance Incident Report. 3 of the 259 Bates pages is an internet article titled: "FBI 'Going Dark' with New Advanced Surveillance Program." 5 of the 259 Bates pages is a copy of the FBI FY 2010 budget request at a glance. Finally, 12 of the 259 Bates pages are summarized meeting notes from the June 25, 2009, Law Enforcement Executive Forum (LEEF). | | |
| 2J | 1500- 1573 (74) | July 23, 2009 – Nov. 2010 | **FBI Direct-Referral Responses to Plaintiff – Criminal Division (DOJ/CRM) Referrals: Talking Points Papers and/or Presentations, Discussion Papers, and E-mail Chains.** Responsive material consists of talking points papers and/or presentations, discussion papers, and e-mails between FBI personnel, and contacts at DEA, and OLP seeking input on ELSUR compliance and technical issues. 59 of the 74 Bates pages are talking points papers and/or presentations titled: 1) "Going Dark: Preservation of Lawful Intercept, Challenges and Potential Solutions," 2) "Going Dark: Law Enforcement's Need to Preserve Lawful Intercept Capabilities," 3) "FBI Efforts to Preserve Electronic Surveillance (ELSUR) Capabilities," 4) "Going Dark: The Going Dark Problem, Congressional Briefing, Office of Hon. Lamar Smith (HJC)," and 5) "Going Dark: The Going Dark Problem, Congressional Briefing, House and Senate Intelligence Committee Staff." 1 of the 74 Bates pages is a duplicate presentation slide. These presentations present the FBI's strategic policy development process concerning surveillance challenges posed by emerging technologies. The presentations were being developed to highlight to various internal and external audiences the surveillance challenges faced by the FBI and the law enforcement community, as well as various recommendations, proposals, legislative initiatives (i.e., amending CALEA), and advice on multi-point strategies, or actions FBI should, or could, adopt, pursue, or consider to resolve such challenges. 10 of the 74 Bates pages are discussion papers titled: 1) "FBI CALEA Scope of Coverage Amendment Proposal," and 2) "FBI Transnational Threat Priorities." Finally, 4 of the 74 Bates pages are e-mails between FBI personnel, and contacts at DEA, and OLP seeking input on ELSUR compliance issues with communication service providers, and technical issues with private networks and access point entry. | 8 Bates Pages: (b)(1) 69 Bates Pages: (b)(5) 17 Bates Pages: (b)(6)/(b)(7)(C) 13 Bates Pages: (b)(7)(A) 56 Bates Pages: (b)(7)(E) | 67 Bates Pages: WIF 7 Bates Pages: RIP |