TONY WEST
Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch
Civil Division
NICHOLAS CARTIER, CA Bar #235858
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Ave NW, 7224
PO Box 883 (US Mail)
Washington, DC 20530
Tel: 202-616-8351
Fax: 202-616-8470
email: nicholas.cartier@usdoj.gov
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, | Case No. 10-CV-4892-RS |
| Plaintiff, | **DEFENDANT'S SUPPLEMENTAL MEMORANDUM** |
| vs. | |
| DEPARTMENT OF JUSTICE, | |
| Defendant. | |

NO. 10-CV-4892-RS
DEFENDANT'S SUPPLEMENTAL MEMORANDUM

At the May 31, 2012, hearing on the parties' cross-motions for summary judgment, counsel for EFF discussed the United States District Court for the District of Columbia's decision in *Electronic Frontier Foundation v. United States Dep't of Justice*, 826 F. Supp. 2d 157 (D.D.C. 2011) (Walton, J.). Pursuant to the Court's invitation, Defendant now files a supplemental memorandum addressing whether the decision supports EFF's position that FBI should be required to provide new Vaughn indices for its deliberative process withholdings.

In the case, Judge Walton held that Vaughn indices submitted by DOJ's Office of Information Policy ("OIP") and Criminal Division did not provide the "minimal information necessary" to support the Government's deliberative process withholdings, and, as a result, ordered the Government to provide more detailed indices. *Id*. at 173 (internal quotation marks omitted). As shown below, the specific deficiencies identified by Judge Walton are not true of FBI's more detailed supporting materials here. Furthermore, the information Judge Walton ordered the Government to provide in its amended indices is not relevant to the particular disputes that exist in this case with respect to FBI's deliberative process withholdings. Consequently, the decision offers no support for EFF's argument that FBI should be required to provide amended indices.

Judge Walton identified five specific deficiencies with the Government's Vaughn indices. *First*, he held that the category descriptions in OIP's and the Criminal Division's indices "fail[ed] to provide necessary contextual information about the particular decisionmaking processes to which the withheld document contributed, and the role the withheld document played in those processes." *Id*. at 168. No such deficiency is present here. As Defendant has previously demonstrated, *see, e.g.,* Defendant's Reply In Support of Its Motion For Summary Judgment (ECF No. 51) at 6-8, the category descriptions in FBI's Vaughn indices are highly detailed. FBI's Vaughn indices also work in tandem with FBI's declarations. And with respect to each document

NO. 10-CV-4892-RS
DEFENDANT'S SUPPLEMENTAL MEMORANDUM

1

category to which FBI applied the deliberative process privilege, the Second Declaration of David M. Hardy identifies the decision-making process at issue and the role the withheld information played in that process. *Id.* These materials leave no doubt as to the predecisional and deliberative nature of the withheld information.

*Second*, Judge Walton held that OIP and the Criminal Division did not provide sufficient information about the identities, positions and job duties of the authors and recipients of the documents at issue. *Id.* at 170. The Court appeared to be concerned that some of the information withheld under the deliberative process privilege may have included communications from employees with decision-making authority that reflected final agency positions. *See id.* Here, FBI has repeatedly explained that it did not apply the deliberative process privilege to withhold final agency positions. Second Hardy Decl. ¶ 46 (ECF No. 41); Fourth Hardy Decl. ¶ 12 (ECF No. 52). Moreover, EFF has not offered any persuasive explanation for how additional information about the job duties of FBI personnel would aid in the resolution of the current disputes that exist with respect to FBI's deliberative process withholdings.

*Third*, Judge Walton held that the components' Vaughn indices did not make clear whether documents designated as "drafts" were adopted by the agency or used by the agency in its dealings with the public, which, according to Judge Walton, would mean that the agency could not claim the deliberative process privilege over the materials. *Id.* at 170. Here, in contrast, FBI expressly stated that it did not apply the privilege to any draft documents reflecting final agency positions. Fourth Hardy Decl. ¶ 12 (ECF No. 52). Furthermore, FBI's Vaughn indices and declarations demonstrate the predecisional and deliberative nature of the drafts withheld, which contain edits, suggestions, comments and questions that are the hallmark of deliberative decision-making. *See*, e.g., Second Hardy Decl. ¶ 45 (ECF No. 41)

*Fourth,* Judge Walton held that the components' Vaughn indices did not make it clear whether DOJ had provided certain materials to individuals outside of DOJ, which would potentially result in a waiver of DOJ's ability to rely upon the deliberative process privilege. *Electronic Frontier Foundation v. United States Dep't of Justice*, 826 F. Supp. 2d at 171.  In this case, EFF has been able to identify the information that was provided by FBI to individuals outside the Executive Branch, and the only question is whether FBI may properly apply the so-called "consultant corollary" to these records.  *See* Defendant's Reply in Support of its Motion for Summary Judgment (ECF No. 12) at 20-23.

*Fifth*, Judge Walton held that DOJ's description of its segregability efforts were too categorical for the Court to evaluate whether DOJ withheld non-deliberative factual material under the deliberative process privilege.  *Id.* at 174.  In response, Judge Walton ordered a document-by-document segregability analysis.  *Id.* at 175.  Such an order in this case would cause substantial and unnecessary delay to the resolution of the case and would be at odds with the presumption of good faith accorded to an agency's segregability determinations.  *See* Defendant's Reply in Support of its Motion for Summary Judgment (ECF No. 12) at 9.  FBI has stated that it conducted a line-by-line segregability analysis and there is no reason for this representation to be doubted.  *Id.* at 9-10.  Indeed, the redactions that appear in the produced pages show a careful effort to redact only exempt information.  *Id.*

In sum, Judge Walton's decision does not support ordering FBI to provide amended Vaughn indices.  FBI has provided extensive information in its two Vaughn indices, multiple declarations and annotated productions that provide the Court with sufficient detail to resolve all disputes over the application of the deliberative process privilege in FBI's favor.

| | |
|---|---|
| Dated: June 7, 2012 | Respectfully Submitted, |
| | TONY WEST<br>Assistant Attorney General |
| | MELINDA HAAG<br>United States Attorney |
| | ELIZABETH J. SHAPIRO<br>Deputy Director, Federal Programs Branch |
| | /s/ Nicholas Cartier<br>NICHOLAS CARTIER, CA Bar #235858<br>Trial Attorney, Federal Programs Branch<br>Civil Division<br>20 Massachusetts Ave NW, 7224<br>Washington, DC 20044<br>Tel: 202-616-8351<br>Fax: 202-616-8470<br>email: nicholas.cartier@usdoj.gov<br>Attorneys for Defendant |

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2012, I caused a copy of the foregoing to be served on counsel for Plaintiff via the Court's ECF system.

*/s/ Nicholas Cartier*
NICHOLAS CARTIER

NO. 10-CV-4892-RS
DEFENDANT'S SUPPLEMENTAL MEMORANDUM

4