TONY WEST
Assistant Attorney General
MELINDA HAAG
United States Attorney
ELIZABETH J. SHAPIRO
Deputy Branch Director, Federal Programs Branch
Civil Division
NICHOLAS CARTIER, CA Bar #235858
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Ave NW, 7224
PO Box 883 (US Mail)
Washington, DC 20530
Tel: 202-616-8351
Fax: 202-616-8470
email: nicholas.cartier@usdoj.gov
Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION, <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF JUSTICE, <br><br> Defendant. | Case No. 10-CV-4892-RS <br><br> **JOINT REPORT SEEKING CLARIFICATION CONCERNING SCOPE OF COURT'S SUMMARY JUDGMENT ORDER** <br> [CIV. L.R. 6-2] |

Pursuant to the Court's January 15, 2014 Order, *see* ECF No. 83, the parties submit the following report concerning the one remaining dispute that exists about the scope of the Court's November 1, 2013 Order Re Renewed Cross-Motions for Summary Judgment ("Summary Judgment Order"). ECF No. 75. As explained below, the parties disagree about whether the Court's Summary Judgment Order requires the Drug Enforcement Administration ("DEA") to release materials for which it asserted Exemption 4 as well as other exemptions in light of the

1 Court's order that Exemption 4 does not apply to the materials.

## PROCEDURAL HISTORY

At the May 30, 2013 hearing on the parties' cross-motions for summary judgment, the Court ordered the parties to meet and confer to identify a sample set of materials that remained in dispute that the Court would then review *in camera*. In response to the Court's direction, the components submitted the agreed upon set of *in camera* materials. Each component also submitted an index to accompany the *in camera* submission, which for the Court's convenience quoted and cited to the relevant portions of the components' past *Vaughn* indexes and declarations. *See* June 28, 2013 Letter with attachments from Nicholas Cartier to the Honorable Judge Richard Seeborg.

After conducting an *in camera* review of the materials, the Court issued its Summary Judgment Order, determining that DEA had not properly claimed Exemption 4 with respect to seventeen pages of the *in camera* submission, which were Bates stamped Category 5C-238 and Category 6-012-014; 6-016; 6-019; 6-026 -034; 6-037-038. The Court stated that "[t]o the extent DEA has withheld any documents or portions thereof under that exemption [namely, Exemption 4] and no other exemption applies, that material must be produced." Order at 6. In response to the Order, DEA released one page for which it had only claimed Exemption 4 (Category 5 C-238), but withheld the remaining sixteen pages (Category 6-012-014; 6-016; 6-019; 6-026-034; 6-037-038), for which it had invoked other exemptions. The parties dispute whether the Court's Order requires DEA to produce these sixteen pages.

## DEA'S STATEMENT

DEA's position is that the Court has already authorized it to withhold all of the materials at issue: namely, Bates numbers 6-012-014; 6-016; 6-019; 6-026-034; 6-037-038. While it is true that the Court determined that Exemption 4 is not to be applied to these pages, DEA claimed Exemption 5, the deliberative process privilege, to portions of these materials and Exemption 7(E)

10-CV-
4892-RS                                  JOINT REPORT

with respect to all of the pages at issue. *See* DEA's Vaughn Index at 14-15 (ECF No. 40-1); DEA's Index for Court's *In Camera* Review (Tabs 14-15); Second Declaration of Katherine L. Myrick, DEA ("Second Myrick Decl.") (ECF No. 40) ¶21b. It is DEA's understanding that the Court upheld its reliance on these exemptions.

In its Summary Judgment Order, the Court stated that "[t]o the extent DEA has withheld any documents or portions thereof under that exemption [namely, Exemption 4] and no other exemption applies, that material must be produced." Order at 6. As indicated on the annotated materials submitted for the Court's *in camera* review, DEA claimed Exemption 7(E) with respect to all of the pages currently at issue and set forth the reasons why Exemption 7(E) applies to these materials in the component's declarations, *Vaughn* index and *in camera* index, *see* DEA's *in camera* submission, DEA's *Vaughn* Index at 14-15; Myrick Decl. ¶21b; DEA's Index for Court's *In Camera* Review (Tabs 14-15). In its Summary Judgment Order, the Court upheld DEA's reliance on Exemption 7(E). Order at 9.

Similarly, DEA also invoked Exemption 5 (deliberative process privilege) with respect to a portion of the materials submitted for the Court's *in camera* review. *See* DEA's *in camera* submission, DEA's *Vaughn* Index at 14-15; Myrick Decl. ¶21b; DEA's Index for Court's *In Camera* Review (Tabs 14-15). Again, in its Summary Judgment Order, the Court upheld DEA's reliance on Exemption 5 with respect to internal materials. Order at 7 (finding DEA's reliance on deliberative process privilege valid except for materials shared with third parties). Consequently, DEA understands that it may continue to withhold internal DEA materials at Bates pages 6-016, 6-019, 6-028, 6-029 (first two emails on page), and 6-031, over which it has previously asserted the deliberative process privilege.

DEA also claimed other exemptions over portions of the pages at issue, including Exemption 7(F) with respect to 6-019 to protect the identities of law enforcement officials, *see*

DEA Vaughn Index at 14. In addition, DEA previously claimed and continues to assert Exemptions 6 and 7(C) over portions of the materials at issue to protect the information of government employees. *See* DEA's *in camera* submission, DEA's *Vaughn* Index at 14-15; Myrick Decl. ¶21b; DEA's Index for Court's *In Camera* Review (Tabs 14-15). EFF has abandoned its challenge to the components' reliance on Exemptions 6, 7(C), and 7(F). Pl.'s Renewed Cross-Motion for Summary Judgment (ECF No. 64) at 7 n.15.

In sum, it is DEA's understanding that the Court's Order does not require it to release the sixteen pages at issue. Furthermore, DEA's position is that it is not appropriate for the parties to present new arguments regarding these materials. Instead, the Court is merely being asked to clarify that its prior Summary Judgment Order *already* authorized DEA to withhold the materials at issue. Plaintiff's contention below that DEA cannot claim Exemptions 5, 6, 7(C), 7(E) and 7(F) over materials for which it previously asserted Exemption 4 is both wrong and beside the point. Given the Court's order, DEA does *not* claim Exemption 4 over these materials. Instead, the question is merely whether the Court's Order has authorized DEA to withhold the materials based on the other exemptions previously asserted.

While DEA maintains that the materials previously submitted for the Court's *in camera* review and supporting indexes make it clear that these exemptions were properly applied to the materials, and that the Court so found, to the extent additional arguments would aid the Court, DEA respectfully respects the opportunity to present such information in response to the Court's direction.

## PLAINTIFF'S STATEMENT

In its Order, this Court held DEA improperly applied Exemption 4 to seventeen pages, yet DEA continues to withhold sixteen of these pages in full, claiming, now, that Exemptions 5, 6, 7(C), 7(E), and 7(F) also apply to the material withheld under Exemption 4. Because this Court's

10-CV-4892-RS JOINT REPORT

order and the proper scope of Exemptions 5, 6, 7(C), 7(E), and 7(F) preclude DEA from claiming them concurrently with Exemption 4, the records or portions of records where Defendant claimed Exemption 4 should be released.

During the two rounds of summary judgment briefing when DEA had the opportunity to fully address these issues, the agency never made clear that it relied on either Exemption 5, 6, 7(C), 7(E), or 7(F) for each and every piece of record where it also claimed Exemption 4 (and, in fact, the pages DEA cites above from its *Vaughn* index and declarations still do not make this clear).[1] As it appears DEA is now making these claims for the first time, Plaintiff will address them more fully below.

First, DEA cannot apply Exemption 4 and Exemption 5 concurrently to the same material. Exemption 4 protects "trade secrets and commercial or financial information *obtained from a person* and privileged or confidential." 5 U.S.C. §552(b)(4) (emphasis added). Exemption 4 does not apply to material generated by the government. *Grumman Aircraft Engineering Corp. v. Renegotiation Board*, 425 F.2d 578, 582 (D.C. Cir. 1970). In contrast, Exemption 5 only protects records generated by the government or a third party properly considered a "consultant" of the government. 5 U.S.C. §552(b)(5) (FOIA does not apply to records that are "*inter-agency or intra-agency* memorandums or letters . . ." (emphasis added)). For this reason, DEA could only apply both Exemption 4 and Exemption 5 to the same material if the person or entity from which the government obtained the material was acting as a consultant of the agency. Yet, as Defendant recognizes, the Court specifically held that third parties such as telecommunications providers were not acting as "consultants" of the agency, and therefore DEA's Exemption 5 claims failed as to these records. *See* Order at 7 (materials that DEA shared with third parties such as telecommunications providers are not subject to Exemption 5's consultant corollary and must be produced unless otherwise exempt). This Court's Order and the limitations on Exemptions 4 and 5 preclude DEA from applying Exemption 5 to the same material it withheld under Exemption 4. As

---

[1] This may have been clear from DEA's *in camera* submission, but Plaintiff was not privy to that filing.

10-CV-
4892-RS                                                  JOINT REPORT

such, these records must be released.

DEA also may not properly withhold these records under Exemption 7(E). Exemption 7(E) protects law enforcement techniques, procedures and guidelines if their "disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. §552(b)(7)(E). As the Court recognized, publicly-available information cannot be withheld under Exemption 7(E). Order at 9-10 (discussing records withheld by the Department of Justice Criminal Division). Yet, the Court also determined that much of the material DEA withheld under Exemption 4 is publicly known. Order at 5-6.[2] Because publicly-known information cannot be withheld under Exemption 7(E) and because the Court recognized that the material DEA withheld under Exemption 4 was publicly-known, DEA cannot withhold continue to withhold the records at issue under Exemption 7(E).

Although Defendant now implies that it may have applied Exemptions 6 and 7(C) to the same records withheld under Exemption 4, the agency cannot rely on these three exemptions simultaneously. Defendant states it claimed Exemptions 6 and 7(C) "to protect the information of government employees" (*supra*). As noted, material withheld under Exemption 4, cannot come from the government. *Grumman Aircraft Engineering Corp.*, 425 F.2d at 582. It also must include "trade secrets and commercial or financial information [that is] privileged or confidential." 5 U.S.C. §552(b)(4). "Information of government employees" comes from the government and does not fall within any of these types of Exemption 4 records.[3] For these reasons, records withheld

---

[2] *E.g.*, Order at 5 ("Document 6-016 refers to a conversation between DEA and a communications company, but contains no indication that information was provided with any expectation of confidentiality, or that it was at all sensitive or not publicly known."). *Id.* at 6 ("Document 6-019 redacted one sentence regarding an alleged business plan of a company, which likely now is long since either publicly-known, moot, or both."). *Id.* at 5-6 ("Document 6-032 through 6-034 reports on communications between DEA and another communications company. The general description of that company's services does not appear to go beyond publicly-available information.").

[3] Exemption 6 also only applies to bar the disclosure of "personal and medical files" that "would constitute a clearly unwarranted invasion of *personal* privacy." 5 U.S.C. §552(b)(6)(emphasis added). Information protectable under Exemption 4 would not be a "personal [or] medical file," and its disclosure would not impact "*personal* privacy" in any way. *See also* 5 U.S.C. §552(b)(7)(C) (disclosure must "constitute an unwarranted invasion of *personal* privacy" (emphasis added)).

10-CV-4892-RS                    JOINT REPORT

under Exemption 4 cannot also be withheld under Exemptions 6 and 7(C). Therefore, for the purposes of the records at issue, it does not matter that Plaintiff abandoned its challenges to Exemption 6 and 7(C) withholdings.

For similar reasons, it is no import that Plaintiff waived its challenges to material withheld under Exemption 7(F). This exemption only applies to records, the disclosure of which "could reasonably be expected to endanger the life or physical safety of any individual," 5 U.S.C. §552(b)(7)(F), and Defendant states, *supra*, that it claimed Exemption 7(F) "to protect the identities of law enforcement officials." The statutory language alone shows the exemption would not apply to the types of records the DEA might have withheld under Exemption 4.

Given this Court's Order and the proper scope of the exemptions discussed above, DEA cannot continue to withhold the records at issue and should be ordered to release them.

DATED: February 14, 2014

/s/ Nicholas Cartier
NICHOLAS CARTIER, CA Bar #235858
Trial Attorney, Federal Programs Branch
Civil Division
20 Massachusetts Ave NW, 7224
Washington, DC 20044
Tel: 202-616-8351
Fax: 202-616-8470
email: nicholas.cartier@usdoj.gov
*Attorney for Defendant*

/s/ Jennifer Lynch
Jennifer Lynch
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94110
jlynch@eff.org
Telephone: (415) 436-9333
Facsimile: (415) 436-9993
*Attorney for Plaintiff Electronic Frontier Foundation*

10-CV-4892-RS                    JOINT REPORT