UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELECTRONIC FRONTIER FOUNDATION,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF JUSTICE,<br><br>Defendant. | Case No. 10-cv-04892-RS<br><br>**ORDER RE REQUEST FOR CLARIFICATION** |

A ruling previously issued on the parties' cross-motions for summary judgment in this action brought under the Freedom of Information Act ("FOIA"). That order directed the government to produce certain additional materials. The parties seek clarification, however, as to whether the government may continue to withhold 16 specific pages of documents. The issue arises because the government previously asserted that Exemption 4 applied to material in those pages, a claim that the summary judgment order rejected. The prior order concluded, "[t]o the extent DEA has withheld any documents or portions thereof [Exemption 4] *and no other exemption applies*, that material must be produced." (Emphasis added.) While the government produced one additional page that it had previously withheld *only* under Exemption 4, it continues to withhold the 16 pages in dispute under other exemption claims.

The government is correct that the prior order left nothing undecided. Among other things, the government's assertions of Exemptions 5 and 7(E) were upheld, and its efforts to segregate any non-exempt material were found to be adequate. See Dkt. No. 75. Plaintiff insists that it

would be inconsistent to claim material is exempt under both Exemption 4 and Exemption 5, because the former protects materials received in confidence from third parties, whereas the latter (often referred to as "deliberative process" in shorthand) protects materials generated by the government. Reasoning that material cannot simultaneously be generated by third parties and by the government, plaintiff contends the two exemptions are mutually exclusive, and that therefore the assertion of Exemption 5 must be improper. As an initial matter, even were it always improper to claim both exemptions, it would not follow that a claim under Exemption 5 automatically fails where, as here, there has been a finding that Exemption 4 does *not* apply. Rather, a conclusion that one exemption is inapt would, as a theoretical matter, avoid the supposed conflict in claiming them both.

More fundamentally, however, there simply is no conflict in claiming both exemptions in appropriate circumstances. The documents here provide such an example. They consist of communications generated by and within the government, which in some instances make reference to information obtained from third parties. Although the prior order found that the third-party information did not warrant protection from disclosure under Exemption 4, even if it had, application of Exemption 5 would still be appropriate to protect the deliberative process reflected in the government's internal discussions regarding that information. While the bare facts provided by the third party would not be protected, the discussion of those facts would be. As noted, the prior order found that the effort to produce all segregable unprotected material was adequate.

For the same reasons, plaintiff's contention that there is conflict between claims of Exemption 4 and Exemption 7(E) also fail. Although the Exemption 4 claim was rejected in part because some of the information regarding third parties was publicly known, the mere inclusion of such facts in other discussions does not preclude the application of Exemption 7(E) to those discussions.

Accordingly, the conclusions of the prior order are unchanged. The government need not produce the remaining 16 pages because they do not fall within the prior order's direction to release materials for which Exemption 4 was claimed, "and no other exemption applies." The

1  Clerk shall close the file.

3  **IT IS SO ORDERED**.

5  Dated:  March 4, 2016

_____
RICHARD SEEBORG
United States District Judge